WILLIAM MEYER, LOUIS WORMSER, AND SIMON WORMSER, *v.* H. KOHN, AND WILLIAM L. DAUTERMAN.

PARTNERSHIP CONTRACT TO PAY IN GOLD.—One member of a partnership may bind the firm, by a contract in writing signed with the firm name, to pay a debt of the firm in a specific kind of money.

ENFORCEMENT OF PAYMENT IN GOLD FOR GOODS BOUGHT.—A debt for goods purchased by a firm, with a verbal understanding that it is to be paid in gold coin, may be enforced·in gold coin, if, after the debt has accrued and suit has been commenced on it, one of the firm makes a contract in writing in the firm name, dated before the sale, to pay in gold, provided the complaint avers a contract to pay in gold made before the goods were sold.

JUDGMENT PAYABLE IN GOLD COIN.—If the complaint aver a contract in writing by defendant to pay for goods sold in gold coin, made before the sale, and such contract is made after suit commenced, but dated before the sale, judgment should be rendered payable in gold coin.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The amended complaint averred a contract made by defendants to pay in gold coin, dated the 30th day of March, 1864.

The Court below gave a general judgment for plaintiffs, not payable in any specific kind of money. Plaintiffs appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*P. L. Edwards*, for Appellants, argued that the agreement signed by Dauterman to pay in gold, was binding on the firm, and cited 3 *Stephens nisi prius*, 2,409, 2,411, 2,414; *Tapley* v. *Butterfield*, 1 Met. 515; 2 Parsons on Contracts, 359–64; and Collyer on Part. 546, and Notes; and that it might be regarded as an admission of both partners that there was an original agreement payable in gold coin, and cited 1 Parsons on Con., 151, 152, 153; and also that the paper was only furnishing evidence by which an honest contract already made could be enforced.

*Moore & Alexander*, for Respondents, argued that the contract signed by Dauterman on the 7th of June, although dated March 30th, took effect only from the date of its delivery, and that the paper was a mere offer on the part of defendants, which did not amount to a contract, and cited Chitty on Con., p. 8; *Tuttle* v. *Love*, 7 John. 470; and *McKinley* v. *Watkins*, 13 Ill. 140.

By the Court, SHAFTER, J.

The original complaint in this action was framed upon an alleged indebtedness for five thousand one hundred and forty-one dollars and ninety-eight cents for goods sold and delivered. The complaint was filed on the 6th day of June, 1864. On the 12th of that month an amended complaint was filed charging that the defendants, as partners, promised in writing, on the 30th of March, 1864, that they would pay the plaintiffs in gold coin for any goods which they, the defendants, should buy of them, ensuing said date; and that the defendants did, between the said date and the 1st of June, 1864, purchase of plaintiffs goods to the amount of four thousand and forty-seven dollars. A credit of twenty-one dollars is admitted. The

complaint contains another count for one thousand one hundred and twenty-seven dollars and seventy-five cents. The plaintiffs recovered a general judgment for five thousand four hundred and one dollars.

The question is whether the plaintiffs are entitled to a judgment payable in coin for the amount (four thousand and forty-seven dollars) claimed in the special count.

It appears that the goods were bought subsequent to the 30th of March, 1864, and under a verbal understanding that they should be paid for in gold coin. The contract was reduced to writing on the 7th of June, the day after the commencement of the action; Dauterman signed the paper in the name of the firm, and thereupon delivered it to the plaintiffs. The document was dated March 30th, 1864.

The case stands as it would if the defendants had each signed his own name to the contract; or as it would if Dauterman had signed the name of the firm in the presence and with the express sanction of his partner. The paper was voluntarily given, and it may be added, in pursuance of a moral obligation which the defendants were bound in conscience to fulfil. The complaint states a case within the Act of April 27th, 1863, and the defendants, whose interest it was to defeat a recovery, pending the litigation, furnished the evidence which the Act prescribes, and apparently for the very purpose of enabling the plaintiffs to prove up their case. Having executed the paper under these circumstances, the defendants are not now at liberty to go behind it. To allow them to do so, would be contrary to the maxim that " that to which a person assents is not esteemed in law an injury," and to the maxim that " he is not to be heard who alleges things contradictory to each other."

The plaintiffs are entitled to a general judgment for one thousand one hundred and twenty-seven dollars and seventy-five cents, and a judgment for four thousand and twenty-six dollars, payable in United States gold coin, and the judgment is modified accordingly.

Mr. Justice Sawyer expressed no opinion.